# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **JAMES LOVELESS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:11-0991** |
| ) | |
| **JOEL ZEIGLER, Warden,** ) | |
| **FCI Beckley,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On December 15, 2011, Petitioner, an inmate incarcerated at FCI Beckley, Beaver, West Virginia, and acting *pro se*, filed his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* By a Person in State or Federal Custody.[1] (Document No. 1.) Petitioner alleges that the Federal Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## PROCEDURE AND FACTS

Petitioner was arrested by State authorities on April 29, 2009, in Charleston, West Virginia, and held in State custody. On June 2, 2009, Petitioner was borrowed pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum from the State of West Virginia. On October 13, 2009, the United States District Court for the Southern District of West Virginia imposed a 46 month term of

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

imprisonment in Criminal Action No. 2:09-0130. (Document No. 8-1, pp. 8 -13.) Following sentencing, Petitioner was returned to State custody with the Federal Judgment and Commitment Order filed as a detainer. (Id., p. 15.) On December 3, 2009, the Circuit Court of Kanawha County, West Virginia, imposed a one year term of imprisonment to "run concurrent by the sentence imposed by the United States District Court for the Southern District of West Virginia in Criminal Case Number 2:09-0130." (Id., pp. 17 - 20.) Petitioner completed his State sentence on December 3, 2010, and was released to federal authorities on October 13, 2010. (Id., pp. 22 - 23.)

On December 15, 2011, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner appears to contend that the BOP is improperly denying him Federal credit for the time he served in State custody. Specifically, Petitioner requests credit for "10 months," which "would make my release date in or around May, 2012."[2] (Id., p. 1.) As an Exhibit, Petitioner attaches a copy of his sentencing order dated December 3, 2009, as filed in the Circuit Court of Kanawha County, West Virginia. (Id., pp. 2 - 5.)

On December 21, 2011, Petitioner filed a "Motion to Alter or Amend Federal Criminal Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure." (Document No. 4.) Petitioner contends that the BOP wrongfully denied him prior jail credit for his State sentence that was ordered to run concurrently. (Id., p. 2.) Petitioner, therefore, requests that the Court amend "the federal criminal judgment order to include language ordering the federal and state sentences be served concurrently." (Id., p. 4.)

---

[2] Petitioner does not explain how he reaches the conclusion that he is entitled to credit for 10 months, which would make his release date May, 2012.

As Exhibits, Petitioner attaches the following: (1) A copy of Petitioner's sentencing order dated December 3, 2009, as filed in the Circuit Court of Kanawha County, West Virginia (Document No. 4-1.); (2) A copy of Petitioner's Request for Administrative Remedy dated December 29, 2010 (Document No. 4-2, p. 1.); (3) A copy of Warden Joel Ziegler's Response dated March 25, 2011, denying administrative relief; (Id., p. 2.); (4) A copy of Petitioner's Regional Administrative Remedy Appeal dated April 7, 2011 (Id., pp. 3 - 4.); (5) A copy of a "Rejection Notice - Administrative Remedy" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated October 26, 2011 (Id., p. 5.); (6) A copy of Petitioner's Central Office Administrative Remedy Appeal dated September 13, 2011 (Id., p. 6.); (7) A copy of a "Rejection Notice - Administrative Remedy" from the Administrative Remedy Coordinator Central Office dated October 11, 2011 (Id., p. 7.); (8) A copy of a letter addressed to Chief Jose A. Santana from United States District Judge Thomas E. Johnston dated July 6, 2011 (Document No. 4-3.).

On December 22, 2011, Petitioner filed his Amended Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 5.) Petitioner continues to argue that the "Federal Bureau of Prisons unlawfully denied the Petitioner credit for time served in the county jail" (Id., pp. 10 - 14.) Petitioner contends that he is entitled to credit for time served in State custody because "[t]he state did not credit the petitioner any time toward his sentence, they just ran the state sentence concurrent with the petitioner's federal sentence." (Id., pp. 11 - 12.) Next, Petitioner contends that he is entitled to nunc pro tunc designation pursuant to 28 C.F.R. § 541.12. (Id., p. 12.) Citing Jefferson v. Berkebile, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010), Petitioner claims that the BOP improperly denied him nunc pro tunc designation because the "BOP misconstrued 18 U.S.C. § 3584(a) when it determined that there was a statutory presumption that Petitioner's sentence was to be consecutive to his state sentence, which had not been imposed." (Id.)

3

Petitioner argues that "in sentencing Petitioner, the [State Court] Judge believed that the sentence imposed would be served concurrent with an impending federal sentence. (Id., p. 13.) Petitioner alleges that "[w]hen the State court was considering the appropriate sentence for the Petitioner, he considered the fact that the '46-months' federal sentence that Petitioner was serving stemmed from the various charges that were before it and gave Petitioner a one year concurrent sentence, so as not to punish the Petitioner twice for similar or related conduct." (Id., p. 13.) Petitioner argues that the BOP's denial of nunc pro tunc designation has resulted in an increase of Petitioner's maximum term of imprisonment, which is "at odds with the intentions of the two sentencing courts." (Id.) Petitioner, therefore, requests that the Court grant his *habeas* petition. (Id., p. 14.)

In support, Petitioner attaches the following Exhibits: (1) A copy of Warden Joel Ziegler's Response dated March 25, 2011, denying administrative relief (Id., p. 15.); (2) A copy of Petitioner's Request for Administrative Remedy dated December 29, 2010 (Id., p. 16.); (3) A copy of a "Rejection Notice - Administrative Remedy" from the Administrative Remedy Coordinator Mid-Atlantic Regional Office dated October 26, 2011 (Id., p. 17.); (4) A copy of Petitioner's Regional Administrative Remedy Appeal dated April 7, 2011 (Id., pp. 18 - 19.); (5) A copy of a "Rejection Notice - Administrative Remedy" from the Administrative Remedy Coordinator Central Office dated October 11, 2011 (Id., p. 20.); (6) A copy of Petitioner's Central Office Administrative Remedy Appeal dated September 13, 2011 (Id., p. 21.); (7) A copy of a letter addressed to Chief Jose A. Santana from United States District Judge Johnston dated July 6, 2011 (Id., p. 22.); (8) A copy of a letter addressed to Petitioner from United States District Judge Johnston dated September 9, 2011 (Id., p. 23.); (9) A copy of Petitioner's sentencing order dated December 3, 2009, as filed in the Circuit Court of Kanawha County, West Virginia (Id., pp. 24 - 27.); and (10) A copy of a letter addressed to Petitioner from Assistant Federal Public Defender Edward Weis dated March 4, 2010

(Id., pp. 28 - 29.).

By Order entered on December 22, 2011, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On January 17, 2012, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's federal sentence commenced on October 13, 2010" (Id., pp. 3 - 5.); (2) "A nunc pro tunc designation is not appropriate in the instant case" (Id., pp. 5 - 6.); (3) "Jefferson v. Berkebile, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010)(J. Johnston), does not support Petitioner's claim" (Id., pp. 6 - 8.); and (4) "Petitioner is not entitled to any additional prior custody credit" (Id., pp. 8 - 9.).

In support, Respondent attaches the following Exhibits: (1) The Declaration of Andrew Roush, Management Analyst (Document No. 8-1, pp. 1 - 3.); (2) A copy of the U.S. Marshals Service Form 129 (Id., pp. 5 - 6.); (3) A copy of Petitioner's Judgment and Commitment Order as filed in the United States District Court for the Southern District of West Virginia in Criminal Case Number 2:09-0130 (Id., pp. 8 - 13.); (4) A copy of Petitioner's "Detainer Based on Federal Judgment and Commitment" (Id., p. 15.); (5) A copy of the Petitioner's sentencing order dated December 3, 2009, as filed in the Circuit Court of Kanawha County, West Virginia (Id., pp. 17 - 19.); (6) A copy of Petitioner's State Sentence Computation (Id., pp. 22 - 23.); (7) A copy of Petitioner's Federal Sentence Computation (Id., pp. 25 - 27.); (8) A copy of the "Administrative Remedy Generalized Retrieval" concerning Petitioner's administrative remedy history (Id., pp. 29 - 33.); and (9) Copies of nunc pro tunc consideration documents concerning Petitioner (Id., pp. 33 - 37.)

On February 3, 2012, Petitioner filed a Motion for Summary Judgment. (Document No. 9.) In support, Petitioner alleges that he is entitled to summary judgment based upon: (1) "The lack of

Response from Respondent by January 20, 2012, thereby defaulting on the time limitation to file such a response;" and (2) "All the criminal court records and/or transcripts." (Id.)

On February 8, 2012, Petitioner filed his "Response to Respondent's Response to Order to Show Cause." (Document No. 10.) Petitioner argues that the "[i]ntent of the sentencing judge is irrelevant due to the fact he referred the case to Judge Johnston who stated 'After review of the docket sheet, the pre-sentence report and the transcripts of this case,' meaning after his review of the case, he would have no objection to the retroactive designation." (Id., p. 3.) Petitioner contends that his case is similar to Jefferson v. Berkebile. (Id., p. 4.) Petitioner explains that "[t]he same as Jefferson, the Respondent neglected to take into consideration all the facts in the Petitioner's request for a nunc pro tunc designation. Most importantly, the Judge's letter having no objection to the Petitioner's retroactive designation." (Id.) Petitioner further states that the State sentencing judge "believed that the sentence imposed would be served concurrent with the impending federal sentence." (Id., p. 5.) Next, Petitioner contends that the "BOP misconstrued 18 U.S.C. § 3584(A) when it determined that there was a statutory presumption that the Petitioner's federal sentence was to be consecutive to his State sentence, which had not been imposed." (Id.) Third, Petitioner contends that the BOP's "failure to act has increased the Petitioner's maximum term of imprisonment by both sentencing Judges." (Id.) Finally, Petitioner alleges that the State did not credit Petitioner any credit for time served, but simply ran their sentence with the sentence already imposed by the federal sentencing court so Petitioner's time should have never stopped, but continued and that is why the Petitioner is missing 10 months of his prior jail credit." (Id., p. 6.) Petitioner, therefore, requests that the Court grant his Section 2241 Petition and "credit the Petitioner with full jail credit." (Id.)

## **THE STANDARD**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine

issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## ANALYSIS

**A.      Petitioner's Federal sentence did not commence until October 13, 2010.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). In the instant case, State authorities arrested Petitioner on April 29, 2009. Accordingly, State authorities obtained

7

primary jurisdiction on April 29, 2009. Petitioner was then temporarily transferred into Federal custody on June 2, 2009, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges and sentenced on October 13, 2009, to a 46-month term of imprisonment. He was then transferred back into State custody and sentenced on December 3, 2009, to a "term of one (1) year, to run concurrent by the sentence imposed by the United States District Court for the Southern District of West Virginia in Criminal Case Number 2:09-00130." The record indicates that Petitioner's Federal sentence commenced on October 13, 2010, the day he was released to Federal custody. Currently, Petitioner is scheduled to be released from Federal custody on August 6, 2013. Petitioner argues that the BOP should have awarded him credit for the 10 months he served in State custody in order to effectuate the State judge's determination that his Federal and State sentences should run concurrently. It is well recognized, however, that "a determination as to concurrence of sentence made by one sovereign does not bind the other." Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1999); Also see Gibson v. Murray, 2006 WL 2668528 * 4 (W.D.Pa. Sep. 14, 2006)(stating that "[w]hile the federal court had the authority to order petitioner's federal sentence to run concurrently with his state sentence, the court order cannot require Pennsylvania authorities to run his Pennsylvania sentence concurrently with his federal sentences"); Piercy v. Black, 801 F.2d 1075, 1078 (8th Cir. 1986)(stating that "one state cannot control the manner in which another state administers its criminal justice system"); United States v. Miller, 49 F.Supp.2d 489, 494 - 495 (E.D.Va 1999)(stating that "a state court cannot unilaterally impose a concurrent sentence between a federal and state court"). A State, therefore, may not compel the Federal government to run Petitioner's Federal sentence concurrently with his State sentence. Accordingly, Petitioner's Federal sentence did not commenced until October 13, 2010, the day of he was released into Federal custody.

**B.     Petitioner was properly considered for nunc pro tunc designation.**

Upon special circumstances, the Attorney General or the BOP may enter a nunc pro tunc designation allowing a federal sentence to begin to run while an inmate is in state custody. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(finding that a federal sentence may commence while an inmate is in state custody "if and when the Attorney General or the Bureau of Prisons agree to designate the state facility for service of that federal sentence"). Title 18 U.S.C. § 3621(b) provides as follows:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>
> > **(1)** the resources of the facility contemplated;
> >
> > **(2)** the nature and circumstances of the offense;
> >
> > **(3)** the history and characteristics of the prisoner;
> >
> > **(4)** any statement by the court that imposed the sentence --
> >
> > > **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> > >
> > > **(B)** recommending a type of penal or correctional facility as appropriate; and
> >
> > **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Although the BOP must consider an inmate's request for a nunc pro tunc designation, the BOP is not obligated to grant the designation. See Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

Based upon a review of the record, the Court finds that the BOP appropriately considered

Petitioner for nunc pro tunc designation. The BOP contacted the federal sentencing judge, Chief United States District Judge Joseph R. Goodwin, concerning his position as to nunc pro tunc designation. In Response, Judge Johnston stated as follows:

> On June 15, 2011, Chief Judge Goodwin transferred Mr. Loveless' case to me because of a conflict. After a review of the docket, the presentence report, and the transcript of the sentencing hearing in this case, I must regretfully inform you that I cannot provide any insight as to Chief Judge Goodwin's intent regarding Mr. Loveless' retroactive designation. That said, I would have no objection to the retroactive designation.

(Document No. 8-1, p. 35.) Upon consideration of the criteria set forth in Section 3621(b) and Judge Johnston's letter, the BOP completed a "Factors Under 18 USC 3621(b) Worksheet" denying Petitioner's request for nunc pro tunc designation. (Id., p. 34.) Based on the foregoing, the undersigned finds that the BOP appropriately considered Petitioner's request for nunc pro tunc designation.

To the extent Petitioner contends that his case is similar to Jefferson v. Berkebile, 688 F.Supp.2d 474 (S.D.W.Va. Jan. 27, 2010), the Court finds his claim to be without merit. Unlike Jefferson, there is no evidence that the Federal sentencing judge imposed Petitioner's Federal sentence based upon false assumptions concerning Petitioner's State sentence. In Jefferson, the Federal sentencing judge made statements indicating that a lengthy Federal sentence was imposed based on the assumption that (1) petitioner's impending State sentence would run concurrently with his Federal sentence, (2) petitioner would be transferred from a State jail to a Federal prison shortly after the sentencing hearing, and (3) petitioner's Federal sentence would likely be the only punishment petitioner would receive. In Jefferson, the District Court concluded that the Federal sentencing judge's false "assumption about petitioner's impending state sentence was a principal reason for the decision to impose an upward departure." Id., 688 F.Supp.2d at 486. Unlike the facts

in Jefferson, there is no evidence that the Federal sentencing judge imposed a greater sentence based upon a false assumption that Petitioner would serve his Federal and State sentences concurrently. Furthermore, there is no indication in the record that the Federal sentencing judge intended for Petitioner's Federal sentence to run concurrent with his State sentence.

**C.     Petitioner is not entitled to prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

**(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not be credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence").

In the instant case, the Court finds that Petitioner properly received pre-sentence credit against his Federal sentence for the following time periods: (1) From April 29, 2009 (the date of his initial arrest) through December 2, 2009 (the day before his State sentence was imposed); and (2) From October 4, 2010 (the day after he completed his State sentence) through October 12, 2010 (the day before he was released into Federal custody). Petitioner is seeking Federal credit for time served after the commencement of his State sentence. Petitioner received credit towards his State sentence for the

time period of December 3, 2009, through October 3, 2010. The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Based on the foregoing, the undersigned finds that Petitioner is not entitled to Federal credit for December 3, 2009, through October 3, 2010.

**D.      Petitioner's Motion to Amend Sentence Pursuant to Rule 36 should be denied.**

Petitioner filed a "Motion to Alter or Amend Federal Criminal Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure" (Document No. 4.) arguing that the BOP wrongfully denied him prior jail credit for his State sentence that was ordered to run concurrently. (Id., p. 2.) In support, Petitioner states as follows:

> In determining the [Petitioner's] jail credits, FCI Beckley's Records Department relied on 18 U.S.C. § 3585 to support its determination. However, under § 3585(b) and in accordance with BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, the BOP has the authority to grant an inmate's request for prior jail credits when they have to serve a sentence in another jurisdiction and the sentences are ordered to run concurrent.

(Id., pp. 2 - 3.) Petitioner, therefore, requests that the Court amend "the federal criminal judgment order to include language ordering the federal and state sentences be served concurrently." (Id., p. 4.)

The undersigned finds that Petitioner's reliance on Rule 36 of the Federal Rules of Criminal Procedure is misplaced. Rule 36 provides that "[a]fter giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an

12

error in the record arising from oversight or omission." Clerical error refers to "a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 277-78 (3rd Cir. 2005). Rule 36 "provides no basis to correct substantive errors in the sentence." Id. In the instant case, Petitioner does not allege that the Federal sentencing judge made a clerical error. Furthermore, there is no indication in the record that the Federal sentencing judge made a clerical error. The undersigned, therefore, recommends that Petitioner's Motion be denied.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** "Motion to Alter or Amend Federal Criminal Judgment Pursuant to Rule 36 of the Federal Rules of Criminal Procedure" (Document No. 4.)**, DENY** Petitioner's Motion for Summary Judgment (Document No. 9.), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: April 9, 2012.

R. Clarke VanDervort
United States Magistrate Judge